United States District Court
Southern District of Texas
**ENTERED**
July 07, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TESSYLIM ANIFOWOSHE, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-2744 |
| | § | |
| BOUJEE HIPPIE COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Pending before the Court is defendant Boujee Hippie Company's ("BHC" or "Defendant") Motion to Dismiss (Doc. No. 8). Plaintiff Tessylim Anifowoshe ("Anifowoshe" or "Plaintiff") responded in opposition (Doc. No. 17) and Defendant replied (Doc. No. 19). Having considered the motions, the parties' briefs, and the applicable law, the Court hereby **GRANTS** the Motion to Dismiss.

### I. Background

This dispute centers on alleged acts of trademark infringement. Plaintiff is an individual who owns the "NZURI" trademark registration, which covers "hair growth stimulants in the nature of dietary and vitamin supplements for consumption." (Trademark Registration No. 4,378,376, Doc. No. 6-1). The Trademark Registration was issued by the United States Patent and Trademark Office on August 6, 2013. (*Id.*).

Plaintiff allegedly sells vitamin and mineral supplements for ingestion and topical creams and lotions under the NZURI mark. (Doc. No. 1 at 2). Plaintiff alleges that he has used the mark since at least August 2011 when Plaintiff began selling NZURI products through NZURI, LLC.

(*Id.*). It is unclear from Plaintiff's Complaint whether items bearing the NZURI mark are currently on the market for sale.

According to Plaintiff's Complaint, Defendant is a Texas corporation with its principal place of business in Irving, Texas. (*Id.*). In May 2022, Plaintiff learned that Defendant was using the NZURI mark on products such as vitamins, minerals, topical creams, and lotions that it was selling. (*Id.*). Plaintiff contends that he sent his first cease and desist letter to Defendant on June 2, 2022. (*Id.* at 3). After the issue did not appear to be resolved, Plaintiff sent a second cease and desist letter to Defendant on July 6, 2022. (*Id.*). Plaintiff alleges trademark infringement and unfair competition under the federal Lanham Act and common law trademark infringement under Texas law. (*Id.* at 5-6).

Defendant filed this Motion to Dismiss, claiming improper venue under Federal Rule of Civil Procedure 12(b)(3) and failure to state a claim under Rule 12(b)(6)[1]. (Doc. No. 8). Plaintiff responded in opposition (Doc. No. 17) and Defendant replied (Doc. No. 19).

## II. Legal Standard

A. Improper Venue Under Rule 12(b)(3)

Even if a given forum may exercise personal jurisdiction over the defendant, Rule 12(b)(3) permits a defendant to assert "improper venue" as a defense to a plaintiff's claim for relief. Fed. R. Civ. P. 12(b)(3). The general venue statute, 28 U.S.C. § 1391 controls a plaintiff's choice of venue. Under that section, a diversity action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

---

[1] Since the question of whether venue is proper resolves whether Plaintiff's claims survive Defendant's Motion to Dismiss, the Court will not be addressing Defendant's Rule 12(b)(6) arguments in this Order.

occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391 (b)(1)–(2).

"Once a defendant challenges venue, the plaintiff has the burden of demonstrating that the chosen venue is proper." *Graham v. Dyncorp Int'l, Inc.*, 973 F. Supp. 2d 698, 700 (S.D. Tex. 2013) (citing *Am. Gen. Life Ins. Co. v. Rasche*, 273 F.R.D. 391, 396 (S.D. Tex. 2011)). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (per curiam) (citations omitted). If venue is lacking, district courts are instructed to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. "The decision to dismiss or transfer lies within the court's discretion." *Graham*, 973 F. Supp. 2d at 701 (citing *AllChem Performance Prods., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 788 (S.D. Tex. 2012)).

### III. Analysis

A. <u>Venue is Improper in the Southern District of Texas</u>

Defendant contends that venue is improper because its principal place of business is in Irving, Texas, so it "resides" within the Northern District of Texas, not the Southern District. (Doc. No. 8 at 6). Defendant further maintains that it has no contacts, physical locations, or directed advertising in the Southern District of Texas, so venue is improper here. (*Id.*).

In response, Plaintiff contends venue is proper in the Southern District based on two arguments. First, Plaintiff argues that (1) Defendant is deemed to "reside" in the Southern District of Texas; and (2) "a substantial part of the events or omissions giving rise to the claim occurred"

3

in this district and the "property" that is the subject of this action—the NZURI mark—is located in the Southern District of Texas. (Doc. No. 17 at 2).

The first basis upon which Plaintiff seeks to establish venue—through Defendant's residence fails. Plaintiff attempts to argue that because Defendant is incorporated in Texas, "which has more than one judicial district," it "resides" in the Southern District because it "purposely availed itself of the privilege of doing business there by marketing and selling its products there. (Doc. No. 17 at 5). Plaintiff misunderstands the law. For purposes of venue, a corporate entity such as Defendant is "deemed to reside" in any district where it is "subject to the court's personal jurisdiction with respect to the civil action in question." § 1392(c)(2). Here, Defendant's principal place of business is in Dallas, Texas. Plaintiff even admits this in his Complaint, where he states, "Defendant BHC is a Texas Corporation with a principal place of business at 2010 Century Center Blvd, Irving, Texas 75062. It can be served through its registered agent of record, Alexis Weekley, at 2010 Century Center Blvd, Irving, Texas, 75062." (Doc. No. 1 at 2). Accordingly, for purposes of venue, Defendant resides in Irving, Texas, which is within the Northern District of Texas.

Plaintiff's second argument also fails. Plaintiff argues that the "a substantial part of the events or omissions giving rise to the claim" occurred in this district but fails to plead any allegations to this effect in his Complaint. In fact, Plaintiff's Complaint is devoid of any allegations that Defendant marketed, offered for sale, or sold any products bearing the NZURI mark in the Southern District of Texas. *Nuttall v. Jaurez*, 984 F.Supp.2d 637, 642 (N.D. Tex. 2013) (finding that it is insufficient for venue purposes that an act of infringement may have occurred in the state because plaintiff must establish that an act of infringement occurred in this judicial district). Since Plaintiff's contentions concerning Defendant's alleged infringing acts are conclusory at best and

fail to mention that any of the alleged acts occurred in the Southern District of Texas, Plaintiff fails to meet his burden to show venue is proper.

When determining, for venue purposes, where a substantial portion of events or omissions giving rise to a claim occurred, a federal court focuses on activities not of the plaintiff, but of the defendant. 28 U.S.C.A. § 1391(b)(2). Given that the registration of the NZURI mark, which belongs to Plaintiff, is an activity of the Plaintiff, rather than the Defendant, this argument is irrelevant for purposes of determining venue.

Since the Defendant, for purposes of venue, "resides" in the Northern District of Texas and Plaintiff has failed to show that property at the subject of this lawsuit or a substantial portion of the events in dispute occurred in Southern District of Texas, Plaintiff's allegations are insufficient to establish that venue is proper here. Accordingly, Defendant's Motion to Dismiss for improper venue is granted.

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion to Dismiss (Doc. No. 8). This case is hereby dismissed without prejudice.

Signed at Houston, Texas, this 7th day of July, 2023.

Andrew S. Hanen
United States District Judge